SCHOTT, Chief Judge,
concurring:
R.S. 35:191 establishes the procedure plaintiff was to follow in order to obtain a notarial commission. He was required to file an application with the district court and to take an examination administered by the Commission whose members were appointed by the district court. If the applicant passes the examination the court issues the certificate signed by a judge of the court. The examination may be dispensed with by the court if the applicant holds a license to practice law or a valid notarial commission.
This statutory scheme suggests to me that the administration of the entire process of becoming a notary public is under the direction of the district court and the Commission functions under the supervision of the court.
In the present situation the district court has ordered the Commission to make certain information available to plaintiff. There is nothing in the law which prohibits the Commission from furnishing this information to plaintiff or the district court from ordering the Commission to do it. ’ On the other hand the public records law, R.S. 44:1 et seq., seems to support plaintiff’s entitlement to the information. Under these circumstances, where the district court has ordered its appointed commissioners to furnish the information, it would be anomalous for this court to interfere with the district court’s action.
In the absence of some compelling reason or a clear abuse of discretion on the part of the trial court, I would not be inclined to interfere with the district court’s control over the Commission.
Before SCHOTT, C.J., and CIACCIO and WARD, JJ.